## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA PAUL HILTON HOLT, | ) | |
| ID # 548475, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:18-CV-0399-L-BH |
| | ) | |
| JOHN DOES, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** as frivolous.

### I. BACKGROUND

Joshua Paul Hilton Holt (Plaintiff) filed a *pro se* "criminal complaint" against John Does and Jane Does for alleged violations of 18 U.S.C. § 2315 and 18 U.S.C. § 793, which was received on February 16, 2018. (doc. 3 at 1.)[1] He claims that the defendants are stealing his ideas and intellectual property through the use of a method or device that has revealed classified information to him in violation of the Espionage Act. (*Id.*) He believes the method is putting people in the State of Texas at risk because it exposes the location of oil wells. (*Id.*) No process has been issued.

### II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. A complaint filed by a prisoner seeking redress from an officer or employee of a governmental entity is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III.  CRIMINAL CHARGES

To the extent that Plaintiff's "criminal complaint" seeks to enforce a criminal statutes or to have someone criminally prosecuted, "[p]rivate citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N,

2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)).  Nor may a private party enforce criminal statutes through a civil action. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007).  There is also no constitutional right to have someone criminally prosecuted.  *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). The "criminal complaint" is frivolous because it "lacks an arguable basis either in law or in fact." *See Neitzke*, 490 U.S. at 325; *see also Dukes v. Federal Reserve Cental Bank*, No. 3:17-CV-2510-D-BH, 2017 WL 4990682, at *2 (N.D. Tex. Sept. 19, 2017) (recommending dismissal of *pro se* "criminal complaint"), *rec. adopted* 2017 WL 4990650 (N.D. Tex. Oct. 30, 2017).

Even if Plaintiff's criminal complaint is liberally construed as an attempt to assert civil claims, the claims are frivolous.  Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations.  *Denton v. Hernandez*, 504 U.S. at 32-33.  The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness.  *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).  Plaintiff's claims about stolen intellectual property and violations of the Espionage Act lack an arguable basis in fact because they are based on a fantastical or delusional scenario.  *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world).  Plaintiff's complaint should be dismissed as frivolous.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This dismissal will count as a "strike" or "prior occasion"

within the meaning 28 U.S.C. § 1915(g).[2]

**SO RECOMMENDED on this 26th day of March, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.